Michael Pijanowski, OSB #00442
Ellen Johnson, OSB #80278
Oregon Law Center
230 NE Second Ave., #F
Hillsboro, OR 97124
(503) 640-4115
Fax:  (503) 640-9634
mpijanowski@oregonlawcenter.org
eljohnson@oregonlawcenter.org

Spencer M. Neal, OSB #77286
Oregon Law Center
921 SW Washington, Suite 516
Portland, OR 97205
(503) 473-8310
Fax:  (503) 295-0676
mneal@oregonlawcenter.org

RECD 11 FEB 24 10:11 USDC-ORP
FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* VELDA HOYT,<br><br>     Plaintiffs,<br><br>v.<br><br>KATHIE JACKSON and STEPHEN<br>JACKSON<br><br>   Defendants. | **FILED UNDER SEAL**<br><br>No. CV'11 - 235    KI<br><br>**COMPLAINT**<br>False Claims Act (31 U.S.C. §3729) |

## I.
## INTRODUCTION

This action is brought under the False Claims Act, 31 U.S.C §3729 *et seq.  Qui*

# 38912

1 -- COMPLAINT

*tam* Plaintiff Velda Hoyt rented residential property from Defendants Kathie and Stephen Jackson, pursuant to a federally regulated rent subsidy program known as the Section 8 Tenant Based Housing Choice Voucher Program.  Defendants violated the law by making false claims and representations concerning the collection of unauthorized rent payments from Plaintiff Velda Hoyt in addition to the rent approved and paid by the federal government on her behalf.

Plaintiff Hoyt seeks a statutory share of any awarded damages paid to the United States under the False Claims Act, in addition to costs and reasonable attorney fees.  The United States seeks all remedies available under the False Claims Act.

## II.

## PARTIES

1.     Plaintiff Velda Hoyt was a tenant of the Defendants at premises located at 47007 NW Sell Rd, Banks, Oregon from, Oregon ("the premises") from February 2004 to November 2010.  At all material times herein Plaintiff was a resident of Washington County, Oregon.

2.     Plaintiff United States of American is *ex rel*. Velda Hoyt.

3.     Defendants Kathie and Stephen Jackson own the premises that was rented by Plaintiff Hoyt between February 2004 and November 2010 and reside in Washington County, Oregon.  They are landlords as defined at ORS 90.100(20).

## III.

## JURISDICTION

4.     This court has jurisdiction over the claim pursuant to 28 U.S.C. §1331 and 1345 and 31 U.S.C §3732(a).

## IV.

## VENUE

5.      Defendant committed the unlawful acts in the State of Oregon.  Venue is proper under 28 U.S.C. §1391.

## V.

## FACTS

6.      The federal government instituted the Section 8 Tenant Based Housing Choice Voucher Program (herein Section 8 Program) to obtain decent, affordable rental housing for low-income families.

7.      The United States Department of Housing and Urban Development (herein HUD) administers the program.

8.      HUD enters into annual contribution contracts with public housing agencies such as the Housing Authority of Washington County ("Housing Authority").

9.      Pursuant to an annual contribution contract, a public housing agency (PHA) such as the Housing Authority enters into a HUD-approved contract known as a Housing Assistance Payments Contract (HAPC) with the landlord of an existing dwelling to make monthly housing assistance payments on behalf of eligible tenants.

10.     The HAPC establishes a monthly rental amount, which the PHA pays directly to the landlord.

11.     The HAPC may also provide that the tenant pay rent supplemental to the payments made by the PHA.  The tenant share of the rent is typically 30% of their adjusted income.

12.    The total HAPC rent is the sum of the amount paid by the PHA and supplemental tenant rent, if any.

13.    The PHA computes the maximum HAPC rent in accordance with HUD guidelines.

14.    In addition to the HAPC, the landlord and tenant sign a lease, which must be approved by the PHA.

15    Plaintiff is disabled and is receiving disability benefits from the Social Security Administration. Her disability is cognitive in nature and limits her ability to read and process complex information.

16.    Defendants rented to Plaintiff beginning March 1, 2004. Prior to Plaintiff's approval under the HAPC Plaintiff rented the premises between March 1, 2004 and April 30, 2006 without federal assistance.

17.    Plaintiff applied and was approved for rent assistance through the Section 8 program and Housing Authority beginning May 1, 2006.

18.    Defendants then entered into a HAPC with the Housing Authority on May 10, 2006 with a start date of May 1, 2006.

19.    Based on the average rents in the neighborhood surrounding the premises the Housing Authority set and Defendants agreed to accept total HAPC rent of $556.00 per month until the rental agreement terminated or the Housing Authority approved a change in rent. This HAPC overrode the rent amount in any prior rental agreement between Plaintiff and Defendants.

20.    For the initial 12 month period between May 1, 2006 and April 30, 2007, the total contract rent for the property was set at $556.00 per month. The Housing

Authority paid housing assistance payments of $474.00 directly to Defendants each month and the contract required Plaintiff to pay an additional $82.00 per month to the Defendants as her portion of the rent.

21.     The Housing Authority reevaluated the rent in May 2007.  Beginning May 2007 and continuing for 13 months until June 1, 2008 the Housing Authority set the total monthly rent at $572.00.  The Plaintiff's portion of the rent under that contract was $77.00 per month and the Housing Authority's portion was $495.00.

22.     The Housing Authority reevaluated the rent in May 2008.  Beginning June 2008 and continuing for 11 months until May 1, 2009 the Housing Authority, set the total monthly rent at $593.00.  The Plaintiff's portion of the rent under that amendment was $94.00 per month and the Housing Authority's portion was $499.00.

23.     The Housing Authority reevaluated the rent in March 2009.  Beginning May 2009 and continuing for 12 months until May 1, 2010 the Housing Authority, set the monthly rent at $610.00.  The Plaintiff's portion of the rent under that amendment was $94.00 per month and the Housing Authority's portion was $516.00.

24.     The Housing Authority reevaluated the rent a final time in March 2010.  Beginning May 2010 and continuing for 6 months through October 2010 the Housing Authority set the total monthly rent at $635.00.  The Plaintiff's portion of the rent under the amendment was $106 per month and the Housing Authority's portion was $529.00.

25.     In addition to Plaintiff's share of the rent as approved by the Washington County Housing Authority, Defendants required Plaintiff to make illegal "side payments" each month to Defendants from May of 2006 to October of 2010.  Defendants told Plaintiff that their intent was to make Plaintiff pay the difference between the HAPC

contract rent and $800 per month.

26.     In addition to her portion of the rent in the HAPC contract, Plaintiff paid Defendants $244.00 per month for 12 months from May 2006 to April 2007 totaling $2,931 for the 12 month period.

27.     Plaintiff paid Defendants an additional $228 per month for 13 months from May 2007 to May 2008, totaling $2,964 for the 13 month period.

28.     Plaintiff paid Defendants an additional $207 per month for 11 months from June 2008 to April 2009, totaling $2,277 for the 11 month period.

29.     Plaintiff paid Defendants an additional $190.00 per month for 12 months from May 2009 through April 2010, for a total of $2,280.00.

30.     Plaintiff paid Defendants an additional $165 per month for 4 months from May 2010 through August 2010, for a total of $660.00 for the 4 month period.

31.     The Housing Authority made an error in its rent payments to the Defendants in May and June 2008 such that the Defendants received $4 less for those two months for the HAP portion of the contract.  Defendants told Plaintiff she would have to make up the difference and on June 16, 2008, Plaintiff gave Defendants $8.  The Housing Authority also issued a check to Defendants in the amount of $8 in June 2008 to cover the shortfall

32.     On or about September 7, 2010, Defendants served Plaintiff with a sixty day notice to vacate the premise.

33.     Plaintiff vacated the premises and the tenancy was terminated effective November 8, 2010.

34.     As of the date Plaintiff moved out of Defendant's rental property, Plaintiff

had made fifty three (53) unlawful "side payments" totaling $11,120.00 to Defendants.

35.    Neither HUD nor the Washington County Housing Authority authorized Defendants to charge or collect more rent than the tenant's share of the rent as calculated in the HAPC.

36.    In Section 8 (d) of the HAPC Defendants agreed and certified that they would not receive any other consideration from Plaintiff other than the HAPC rent. "Except for the rent to owner, the owner has not received and will not receive any payments or other consideration (from the family, the PHA, HUD, or any other public or private source) for rental of the contract unit during the HAP contract term." (Section 8(d.) HAPC)

37.    Defendants agreed and certified in several Property Owner's Intention Notices that they understood "that the amount of the tenant's portion of the contract rent is determined by the Department of Housing Services (DHS), and that it is illegal to charge any additional amounts for rent which have not been specifically approved by the DHS." Property Owner/Manager's Intentions Notice signed by Defendant Kathie Jackson dated February 12, 2008. Department of Housing Services (DHS) was a name previously used by the Housing Authority.

38.    Defendants knowingly endorsed and presented for payment separate housing assistance payment checks while receiving 53 unlawful "side payments" from Plaintiff totaling $11,120.00 in addition to their rent obligation during their entire tenancy.

/ / /

/ / /

## VI.

### FIRST CLAIM FOR RELIEF

(False Claims Act, 31 U.S.C. §3729)

39.    Paragraphs 1 through 37 are incorporated herein by this reference.

40.    Defendants' endorsement and presentment of each housing assistance payment check for each month while they knowingly received "side rent" from Plaintiff constitutes a separate false claim or representation to the United States that they did not receive any other consideration for the rented premises for that month as set forth in the HAPC.

41.    Defendants knowingly made or used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by officials of the United States Government, in violation of 31 U.S.C. §3729(a)(2).

42.    The United States of America suffered damages as a result of violations of the False Claims Act because the housing assistance payment money which HUD disbursed to Washington County Housing Authority for payment to Defendants under the Section 8 Program on behalf of Plaintiff Hoyt would not have been paid to the Defendants absent false claims and misrepresentations.

43.    The United States sustained damages equal to all payments made to the Defendants pursuant to the Section 8 program and equaling housing assistance payments of $26,978.00.

44.    Pursuant to 31 U.S.C. §3730(d), Plaintiff is entitled to civil penalties and reasonable attorney fees.

/ / /

# VIII.

## CONCLUSION

WHEREFORE, Plaintiff Velda Hoyt and the United States of America respectfully request the following relief:

1.      Find that Defendants violated the False Claims Act and are liable to the United States of America.

2.      Assess a civil penalty against the Defendants for each separate violation of the False Claims Act in the amount of not less than $5,500 or more than $11,000.

3.      Award the United States three times the amount of damages, which it sustained as a result of the Defendant's acts.

4.      Award Plaintiff Hoyt the *qui tam* Plaintiff share of the proceeds or settlement pursuant to 31 U.S.C. §3730(d).

5.      Award costs and reasonable attorneys fees to Plaintiff Hoyt.

6.      Grant whatever other relief is proper.

DATED:  2/ 22/ 11

OREGON LAW CENTER


Michael Pijanowski, OSB #00442
Ellen Johnson, OSB #80278
OREGON LAW CENTER
230 NE Second Ave., #F
Hillsboro, OR 97124

9 -- COMPLAINT